IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RITA LOVEJOY,

        Plaintiff,

v.                                                    CIVIL ACTION NO.  2:20-cv-00537

AMCOX OIL AND GAS, LLC,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are five motions in limine filed by Defendant Amcox Oil and Gas, LLC ("Amcox"). [ECF Nos. 126, 127, 128, 129, 130]. Four of the five motions seek to exclude evidence regarding certain categories of damages claimed by Plaintiff [ECF Nos. 126, 127, 128, 129], and one seeks to exclude certain opinion testimony by Plaintiff's expert witness [ECF No. 130]. Amcox timely filed its motions on November 7, 2022, in advance of the trial then scheduled to commence on December 13, 2022. *See* [ECF No. 124].

Trial is now scheduled to begin on April 11, 2023. In the time since Amcox filed its motions in limine, most of the claims in this lawsuit have been dismissed. *See* [ECF Nos. 148, 155]. A single claim remains for trial—for recovery of response costs and declaratory relief under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* [ECF No. 155]. In this

type of CERCLA action, a plaintiff's recovery is limited to the "necessary costs of response." *Artesian Water Co. v. Gov't of New Castle Cnty.*, 851 F.2d 643, 648 (3d Cir. 1988). Recoverable costs involve "removal or remedial action" responding to "an actual and real threat to human health or the environment." 42 U.S.C. § 9607(a)(4); *Courtland Co. v. Union Carbide Corp.*, No. 2:19-cv-00894, 2021 WL 4944038, at *4 (S.D. W. Va. Oct. 22, 2021) (quoting *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001)). Such "response costs" exclude most economic damages. *See, e.g.*, *Artesian Water*, 851 F.2d at 650 (describing CERCLA as "eliminating economic loss to victims and emphasizing cleanup costs"); *Rhodes v. Cnty. of Darlington*, 833 F. Supp. 1163, 1189 (D.S.C. 1992) (distinguishing between CERCLA, "which was designed for clean-up purposes," and "the general area of tort law, which is used to recover personal expenses and property damage" (quoting *Ambrogi v. Gould, Inc.*, 750 F. Supp. 1233, 1259 (M.D. Pa. 1990))).

In this case, Ms. Lovejoy initially claimed certain economic damages, such as lost profits and diminution in property value, which may have been recoverable had she succeeded on other theories of liability, like negligence or private nuisance. The court has since dismissed almost all of Ms. Lovejoy's causes of action, and her remaining claim permits only narrowly circumscribed recovery. *See* [ECF Nos. 148, 155]. Ms. Lovejoy therefore cannot pursue most of the damages she originally sought. Should her CERCLA claim prove successful, Ms. Lovejoy may recover only the necessary costs of responding to a legitimate environmental threat, and Amcox has

not moved to exclude evidence of those potentially recoverable costs. Accordingly, Amcox's four motions in limine regarding economic damages [ECF Nos. 126, 127, 128, 129] are **DENIED as moot**. The motion in limine regarding expert witness testimony [ECF No. 130] remains pending and will be addressed on the day of trial.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    April 5, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE